**Frederick M. McCOY, Appellant,**

v.

**Charles H. MAYER et al., Individually and as Members of the District of Columbia Board of Elections, Appellees.**

**No. 18556.**

United States Court of Appeals District of Columbia Circuit.

Argued April 20, 1964.

Decided April 21, 1964.

Mr. Edgar B. May, Washington, D. C., for appellant.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the pleadings, for appellees.

Before WILBUR K. MILLER, BASTIAN and MCGOWAN, Circuit Judges.

PER CURIAM.

A petition seasonably filed with the Election Board nominated Frederick M. McCoy as a candidate in the Democratic primary May 5, 1964. Although the petition bore the required number of signatures, the Board rejected it because it did not comply with a regulation which requires that a heavy horizontal line or series of "x" marks be placed immediately below the name of the last candidate nominated by the petition "to prevent the addition of names of other candidates after the start of circulation of the petition for signatures * * *"

McCoy sued, asking the District Court to order his name placed on the ballot and to enjoin the Board from providing for group voting. The relief sought was denied by the trial judge and McCoy seeks summary reversal.

As appellant is the sole nominee of the petition, it is obvious that no other candidate was added after it was circulated. We think that the regulation, construed in the light of its own stated purpose, has no application where the petition as filed nominates but one individual. The Board's action in rejecting the petition was, thus, not founded upon any validly existing and applicable regulation; and the District Court erred in rejecting the claim of arbitrariness.

However, with respect to the attack upon the regulation providing for group voting, we sustain the District Court. The arrangement of the ballot in the manner proposed by the Board is, in our view, within the scope of the authority delegated to the Board by the Congress. We note in this regard that the

same regulation which provides for group voting also deals with the order in which candidates are to appear on the ballot. We read that regulation to mean that McCoy, who by virtue of our action hereinabove will now be on the ballot, will have his exact place thereon determined by lot in full and equal competition with the groups also entitled to be on such ballot. This understanding underlies our holding.

The judgment appealed from is, thus, reversed in part and affirmed in part; and the case is remanded for the entry of judgment in accordance herewith.